

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
**TAWANA C. MARSHALL, CLERK**
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described**.

**Signed August 2, 2007**              **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 05-39339-bjh-11 |
| | § | |
| | § | (Chapter 11) |
| AVIA ENERGY | § | Jointly Administered |
| DEVELOPMENT, L.L.C., et al, | § | |
| | § | |
| DEBTORS. | § | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER APPROVING
COMPROMISE AND SETTLEMENT AGREEMENT, APPLICATION
FOR POST-PETITION RETAINER, AND CONFIRMING DEBTORS'
JOINT PLAN OF REORGANIZATION DATED MAY 8, 2007**

WHEREAS, on or about on MAY 8, 2007**,** the Debtors, Avia Energy Development, LLC ("Avia USA") and Avia de Mexico S. de R.L. de C.V. ("Avia Mexico") (jointly, the "Debtors") jointly filed their Disclosure Statement For Debtors' Amended Joint Plan Of Reorganization

("Disclosure Statement") Pursuant To Section 1125 Of The Bankruptcy Code, Together With Debtors' Amended Joint Plan Of Reorganization dated May 8, 2007, and attached as Exhibit "1" thereto (the "Plan"); and

WHEREAS, on or about on April 24, 2007, the Debtors filed Debtors' Motion for Approval of a Compromise Under Bankruptcy Rule 9019 seeking approval of a Compromise and Settlement Agreement Among Several Parties (the "Settlement Agreement");

WHEREAS, on or about on June 24, 2007, the Debtors filed Debtors' Motion for Application to Authorize Post-Petition Retainer for Debtors' General Bankruptcy Counsel ("Retainer Motion"); and

WHEREAS, on June 25, 2007, the Court issued an Order: (i) Approving the Debtors' Joint Disclosure Statement; (ii) Approving the Form and Manner of Solicitation Packages; (iii) Approving the Form and Manner of Notice of the Confirmation Hearing; (iv) Approving Procedures for Distribution of Solicitation Packages; (v) Approving Form of Ballot; (vi) Establishing Deadline for Receipt of Ballots; (vii) Approving Procedures for Vote Tabulations; (viii) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan: and (ix) Granting Related Relief (hereinafter, the "Procedures Order"); and

WHEREAS, on June 28, 2007 the Debtor transmitted the Solicitation Packages as defined in the Procedures Order in accordance with Bankruptcy Rule 3017(d); and

WHEREAS, one objection (the "Objection") to the Plan was filed by Scheef & Stone, LLP, an administrative claimant and former special counsel for the Debtors; and

WHEREAS, the Objection has been resolved as set forth herein; and

WHEREAS, no other objections to confirmation of the Plan were filed; and

WHEREAS, on July 28, 2007, the Debtors filed the Certification of Voting Agent With Respect to the Tabulation of Votes on the Debtors' Joint Plan Of Reorganization (the "Balloting Certification"), attesting and certifying the results of the ballot tabulation for classes of claims entitled to vote on the Plan; and

NOW, THEREFORE, based upon the Court's review and consideration of (a) the Balloting Certification and the summary of the results of balloting on the Plan attached thereto; (b) the record of the Confirmation Hearing (including all evidence proffered or adduced at such hearing, the pleadings and other submissions filed in connection therewith, and the arguments of counsel made at such hearing); and (c) the record of these Cases; and after due deliberation thereon, and good cause appearing therefor, the Court makes the following findings of fact and conclusions of law:

    A.    **Jurisdiction; Core Proceeding; Venue**. This matter is a core proceeding, over which this Court has jurisdiction pursuant to 28 U.S.C. §157(b)(2)(L) and 1334(a). Venue of these proceedings is proper under 28 U.S.C. §1408 and 1409.

    B.    **Judicial Notice.** Judicial notice is hereby taken of the docket of these Cases, including, without limitation, the pleadings, claims and other documents filed and orders entered, during the pendency of these Cases.

    C.    **Transmittal of Materials: Notice.** Due, adequate and sufficient notice of the Disclosure Statement and the Plan and of the Confirmation Hearing and of all deadlines for voting on or filing objections to the Plan has been given to all known holders of Claims and Interests in accordance with the Procedures Order and the Bankruptcy Rules, and no other or further notice is or shall be required.

D. **Solicitation.** Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, other applicable provisions of the Bankruptcy Code, and all other rules, laws and regulations.

E. **Distribution.** All procedures used to distribute the Solicitation Packages to the applicable holders of Claims entitled to vote on the Plan, and to holders of Claims and Interests not entitled to vote on the Plan, and to tabulate the Ballots were fair and conducted in accordance with Bankruptcy Code, the Bankruptcy Rules, and all other rules, laws and regulations.

F. **Plan Compliance with Bankruptcy Code (11 U.S.C. §1129(a)(1)).** The Plan complies with the applicable provisions of the Bankruptcy Code, in satisfaction of Bankruptcy Code section 1129(a)(1).

1. **Proper Classification (11 U.S.C. §§1122, 1123(a)(l)).** In addition to Administrative Claims, Priority Tax Claims, if any, and United States Trustee fees, which need not be classified, the Plan designates 13 classes of Claims and Interests with respect to the Debtors. Valid business, factual and/or legal reasons exist for separately classifying the various Classes of Claims and Interests, and such Classes and the Plan's treatment thereof do not unfairly discriminate between the holders of Claims or Interests. The Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

2. **Specify Unimpaired Classes (11 U.S.C. §1123(a)(2)).** The Plan specifies the Classes of Claims that are unimpaired under the Plan, thereby satisfying Bankruptcy Code section 1123(a)(2).

3. **Specify Treatment of Impaired Classes and Interests (11 U.S.C. §1123(a)(3))**. The Plan specifies the Classes of Claims and Interests that are impaired under the Plan and

specifies the treatment of the Claims and Interests in those Classes, thereby satisfying Bankruptcy Code section 1123(a)(3).

4. **No Discrimination (11 U.S.C. §1123(a)(4)).** The Plan provides for the same treatment for each Claim or Interest in each respective Class, thereby satisfying Bankruptcy Code section 1123(a)(4).

5. **Implementation of Plan (11 U.S.C. §1123(a)(5).** The Plan provides adequate and proper means for its implementation, thereby satisfying Bankruptcy Code section 1123(a)(5).

G. **Debtor's Compliance with Bankruptcy Code (11 U.S.C§1129(a)(2)).** The Plan's proponents have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1129(a)(2). Specifically,

1. the Debtors are proper debtors and proper proponents of the Plan under Bankruptcy Code sections 109 and 1121(a), respectively;

2. the Debtors have complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and

3. the Debtors have complied with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Procedures Order in transmitting the Solicitation Packages and soliciting and tabulating votes with respect to the Plan.

H. **Good Faith Solicitation (11 U.S.C. §1125(e))**. The Debtors have solicited votes on the Plan in good faith and in compliance with the Procedures Order and applicable provisions of the Bankruptcy Code, and are entitled to the protection afforded by Bankruptcy Code section 1125(e).

**I.      Plan Proposed in Good Faith (11 U.S.C. §1129(a)(3)).** The Debtors have proposed the Plan in good faith and not by any means forbidden by law. The Plan represents extensive arms-length negotiation among the Debtors and their creditors.  Thus, the Plan satisfies Bankruptcy Code section 1129(a)(3).

**J.      Payments for Services or Costs and Expenses (11 U.S.C. §1129(a)(4)).** Any payment made or to be made by the Debtors for services or costs and expenses in or in connection with the Case, or in connection with the Plan and incident to the Case, has been approved by, or is subject to the approval of the Court, as reasonable, thereby satisfying Bankruptcy Code section 1129(a)(4).

**K.      Directors and Officers (11 U.S.C. §1129(a)(5).** The Plan and Disclosure Statement designate James C. Musselman as the sole owner, officer and director of Reorganized Avia Energy Development, LLC and Carlos Navarro and/or his designee are the sole owners of Reorganized Avia de Mexico S. de R.L. de C.V.

**L.      Best Interests of Creditors (11 U.S.C. §1129(a)(7)).** The Plan satisfies Bankruptcy Code section 1129(a)(7). The Disclosure Statement and the evidence adduced at the Confirmation Hearing are persuasive, credible and uncontroverted; have not been challenged in the Objection or otherwise; are based on reasonable and sound assumptions; and establish that each holder of an impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

**M.      Acceptance by Certain Classes (11 U.S.C. §1129(a)(8).** Holders of Claims in Class 1 are not impaired under the Plan and the holders of those Claims are conclusively

presumed to have accepted the Plan under Bankruptcy Code section 1126(f). Classes 2, 3, 4, 5, 6, 7, 8, and 13 are impaired and entitled to vote. Holders of Claims in Classes 2, 3, 4, 5, 6, & 8, and holders of interests in Class 13 have voted to accept the Plan in accordance with Bankruptcy Code sections 1126(c) and (d).

N. **Treatment of Administrative and Tax Claims (11 U.S.C. §1129(a)(9))**. The treatment of Administrative Claims, and Priority Tax Claims, if any, pursuant to the Plan satisfies the requirement of Bankruptcy Code section 1129(a)(9). The Debtors shall retain the amount of $325,000. in AmegyBank as the Administrative Claims Reserve until further order of this Court.

0. **Acceptance by Impaired Classes (11 U.S.C. §1129(a)(10))**. Holders of Claims in Classes 2, 3, 4, 5, 6, & 8, and holders of interests in Class 13 voted to accept the Plan. Therefore, at least one Class of Claims that is impaired under the Plan has accepted the Plan, as determined without including any acceptance of the Plan by any insider, thus satisfying the requirements of Bankruptcy Code section 1129(a)(10).

P. **Feasibility (11 U.S.C. §1129(a)(l1))**. The Plan provides for distributions to creditors in accordance with the priority scheme of the Bankruptcy Code. The Disclosure Statement and the evidence adduced at the Confirmation Hearing is persuasive, credible and has not been challenged in the Objection or otherwise, or such objections have been overruled, and the evidence is based on reasonable and sound assumptions; and establishes that the Plan is feasible, thus satisfying the requirements of Bankruptcy Code section 1129(a)(11).

Q. **Payment of Fees (11 U.S.C. §1129(a)(12))**. All fees payable under section 1930 of title 28 of the United States Code, as determined by the Court, have been paid or will be paid

on the Effective Date pursuant to the Plan thus satisfying the requirements of Bankruptcy Code section 1129(a)(12).

R. **Continuation of Retiree Benefits (11 U.S.C. §1129(a)(13)).** Debtors do not believe that any retiree benefits exist; however, to the extent the Debtors are obligated to pay any "retiree benefits," as defined in Bankruptcy Code section 1114(a), such obligations shall continue after the Effective Date. Thus, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(l 3).

S. **Satisfaction of Confirmation Requirements and Conditions to Confirmation.** The Plan satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129. The conditions to confirmation set forth in the Plan have been satisfied or will be satisfied by entry of this Confirmation Order.

T. **Releases and Injunction.** The release and injunction provisions in the Plan (the "Release/Injunction Provisions"), as modified herein, are within the jurisdiction of the Court under 28 U.S.C. §1334(a) and (b) and said injunctions have been consented to by the creditors, no objections remain since the objections filed by Scheef & Stone, LLP have been resolved.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. **Confirmation.** The Plan, consisting of the Plan as modified herein, is approved and confirmed under Bankruptcy Code section 1129 in its entirety. The terms of the Plan dated May 8, 2007 and appearing on the Court's docket at Document No. 200 are hereby incorporated by reference into and are an integral part of this Confirmation Order.

2. **Approval of Settlement Agreement and Retainer Motion.** Subject to the terms of this Confirmation Order, the Motion to Approve the Settlement

Agreement is granted in its entirety and the Retainer Motion is approved. The Retainer Motion shall be funded by the Debtors' representative, Jim Musselman, by close of business on August 10, 2007.

3. **Objections.** All of the Objections, to the extent not otherwise withdrawn, waived or settled, and all reservation of rights pertaining to confirmation of the Plan included therein, are overruled on the merits.

4. **Plan Classification Controlling.** The classifications of Claims for purposes of distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to or returned by the Debtors' creditors in connection with voting on the Plan were set forth on the Ballots solely for purposes of such voting, do not necessarily represent and in no event shall modify or otherwise affect the actual Claims.

5. **Binding Effect.** Pursuant to Bankruptcy Code section 1141, and subject to the terms of this Confirmation Order, the Plan and its provisions shall be binding upon and inure to the benefit of (a) the Debtors, (b) Reorganized Debtors, (c) any entity acquiring or receiving property or a distribution under the Plan, (d) any present holder of a Claim against or Interest in the Debtors, whether or not the Claim or Interest of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan, (e) any other party in interest, (f) any person making an appearance in the case; and (g) any heirs, successors, assigns, trustee, executors, administrators, affiliates, directors, agents, representatives, attorneys, beneficiaries or guardians of the foregoing.

6. **Vesting of Assets (11 U.S.C. §1141(b) and (c)).** Except as otherwise provided in the Plan and the Settlement Agreement, the property and assets of the Debtors' estates under

section 541 of the Bankruptcy Code will vest in Reorganized Avia USA or Reorganized Avia de Mexico on the Effective Date free and clear of all Claims and Interests, but subject to the obligations of Reorganized Debtors as set forth in the Plan, the Settlement Agreement and the Confirmation Order. Commencing on the Effective Date, and subject to the terms of the Plan, the Settlement Agreement and this Confirmation Order, the Reorganized Debtors may deal with their assets and property and conduct their businesses without any supervision by, or permission from, the Court or the office of the United States Trustee, and free of any restriction imposed on the Debtors by the Bankruptcy Code or by the Court during the Case.

7. **Rejection and Assumption of Executory Contracts and Unexpired Leases (11 U.S.C. §1123(b)(2)); Bar Date for Rejection Damage Claims.** Except as otherwise provided in the Plan, executory contracts and unexpired leases for which the Debtors are lessees or obligors automatically shall be rejected as of the Effective Date. If the rejection of an executory contract or unexpired lease pursuant to the Plan or otherwise gives rise to a Claim not otherwise treated, such Claim shall be forever barred and shall not be enforceable against the Debtors, Reorganized Debtors, or their respective properties or agents, successors, or assigns, unless a proof of Claim is filed with the Court and served upon the Reorganized Debtors by no later than thirty (30) days after the Confirmation Date. Payment of the undisputed portion of any claim arising from an executory contract shall occur as set forth in the Plan.

8. **Releases and Injunction.** Except as provided below in decretal paragraph 10 of this Confirmation Order, or as recognized by the Settlement Agreement, all consideration distributed under this Plan or required by the Settlement Agreement will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims against and Interests in the Debtors of any nature whatsoever or against the Debtors and their assets or properties. Except

as otherwise expressly provided in the Settlement Agreement or the Plan, or except as provided below in decretal paragraph 10 of this Confirmation Order acts as a discharge of all Claims against, liens on, and Interests in the Debtors, the Debtors' assets and properties, arising at any time before the Effective Date, regardless of whether a proof of Claim or proof of Interest was filed, whether the Claim or Interest is Allowed, or whether the Holder of the Claim or Interest votes to accept this Plan or is entitled to receive a distribution under this Plan. Except as provided below in decretal paragraph 10 of this Confirmation Order, upon the entry of the Confirmation Order, any Holder of the discharged Claim or Interest will be precluded from asserting against the Debtors, or the Reorganized Debtors or any of their assets or properties any other or further Claim or Interest based on any document, instrument, act, omission, transaction or other activity of any kind or nature that occurred before the Effective Date. Except as provided below in decretal paragraph 10 of this Confirmation Order, the Confirmation Order will be a judicial determination of discharge of all liabilities of the Debtors, and the Reorganized Debtors will not be liable for any Claims or Interests and will only have the obligations as are specifically provided for in the Plan, the Settlement Agreement and this Confirmation Order.

**9.     Injunction.** Except as provided below in decretal paragraph 10 of this Confirmation Order, the satisfaction, releases, and discharge pursuant to the Plan shall also act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect or recover any Claim or cause of action against the Debtors, the Reorganized Debtors and are satisfied, released, or discharged under the Plan to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.

10. **Additional Provisions Regarding Scheef & Stone, LLP.** Nothing in the Plan or Compromise and Settlement Agreement, or this Confirmation Order, shall constitute a release or injunction of administrative claims, including claims for sanctions by Scheef & Stone, LLP against the Debtors, or the Debtors' claims against Scheef & Stone, LLP, including any claims for sanctions, nor of any claims by Scheef & Stone, LLP against third parties, or vice versa, save and except as set forth below with respect to the following agreements with Farmar and Navarro:

(1) the Mutual Release shall be amended to include an addendum to reflect that Navarro and Farmar release Scheef & Stone, LLP and Kimberly A. Elkjer; and

(2) in the avoidance action, Scheef & Stone, LLP agrees to and hereby withdraws its motion for sanctions against Navarro, Farmar and Elrod with prejudice; and

(3) upon entry of the Confirmation Order and receipt by Navarro and Farmar of the funds set forth in the Settlement Agreement, Navarro and Farmar agree to and hereby withdraw their respective objections to Scheef & Stone's Final Fee Application for post-petition work.

11. **General Authorizations.** The Debtors, Reorganized Debtors, and their respective directors, officers, agents and attorneys are authorized and empowered to issue, execute, deliver, file or record any agreement, release, document, instrument or other agreement or document, including, without limitation, any of the Plan Documents, as modified, amended or supplemented, or the Settlement Agreement and to take any action necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms, or take any or all corporate actions authorized to be taken pursuant to the Plan, including any amendment or restatement of any bylaws, charter or the certificate of incorporation of the Debtors, Reorganized Debtors, whether or not specifically referred to in the Plan or any Plan Document, without further order of the Court.

12. **Exemption from Certain Taxes.** Pursuant to Bankruptcy Code section 1146(c), any transfers from a Debtors to the Reorganized Debtors, or any other Person under the Plan or this Confirmation Order, including, without limitation, the issuance, transfer, or exchange of debt or equity securities under the Plan or the creation of any mortgage, lien, deed of trust or other security interest under the Plan, shall not be subject to any tax under any law imposing a stamp tax or similar tax.

13. **Bar Date for Administrative Claims.** All requests for payment of an Administrative Claim, other than (a) a Fee Claim, (b) an Allowed Administrative Claim, or (c) a liability incurred and paid in the ordinary course of business by the Debtors must be filed with the Court, and served on all parties required to receive notice thereof, no later than fifty (50) days after the Effective Date. Such application must include at a minimum (a) the name of the Holder of the Claim, (b) the amount of the Claim, and (c) the basis of the Claim. Failure to timely file and serve the application required under this section shall result in the Administrative Claim being forever barred and discharged. An Administrative Claim with respect to which notice has been timely and properly filed shall become an Allowed Administrative Claim if no objection is filed within sixty (60) days after its filing and service. If an objection is filed within such sixty (60) day period, the Administrative Claim shall become an Allowed Administrative Claim only to the extent Allowed by a Final Order.

14. **Final Fee Applications.** Each Professional who holds or asserts an Administrative Claim that is a Fee Claim for compensation for services rendered and reimbursement of expenses incurred prior to the Effective Date shall be required to file with the Bankruptcy Court, and shall serve on all parties required to receive notice, a Fee Application within forty-five (45) days after the Effective Date. Objections to Fee Applications must be filed

within forty-five (45) days after the filing and service of the Fee Application. Failure to timely file a Fee Application as required under this section of the Plan shall result in the Fee Claim being forever barred and discharged. A Fee Claim with respect to which a Fee Application has been timely and properly filed pursuant to this provision of the Confirmation Order shall become an Allowed Administrative Claim only to the extent allowed by a Final Order.

15. **<u>Discharge.</u>** Except as provided in decretal paragraph 10 of this Confirmation Order or required by the Settlement Agreement, all consideration distributed under the Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims against the Debtors of any nature whatsoever or against the Debtors' assets or properties. Except as otherwise expressly provided in the Plan, Settlement Agreement or decretal paragraph 10 of this Confirmation Order, the Debtors are discharged, effective as of the Effective Date, from all Claims against, liens on, and Interests in the Debtors, the Debtors' assets and properties, arising at any time before the Effective Date, regardless of whether a proof of Claim or proof of Interest was filed, whether the Claim or Interest is Allowed, whether the Holder of the Claim or Interest voted to accept the Plan or is entitled to receive a distribution under the Plan. Upon the entry of the Confirmation Order, except as provided in decretal paragraph 10 of this Confirmation Order, any Holder of the discharged Claim or Interest will be precluded from asserting against the Debtors, Reorganized Debtors, or any of their assets or properties, any other or further Claim or Interest based on any document, instrument, act, omission, transaction or other activity of any kind or nature that occurred before the Effective Date. Except as otherwise provided in decretal paragraph 10 herein, the Confirmation Order shall be a judicial determination of discharge of all liabilities of the Debtors, and Reorganized Debtors will not be liable for any Claims or Interests

and will only have the obligations specifically provided for in the Plan, the Settlement Agreement and the Confirmation Order.

16. **Payment of Fees.** All fees payable by the Debtors under 28 U.S.C. §1930 shall be paid on the Effective Date, and Reorganized Debtors shall thereafter pay any such statutory fees that come due after the Effective Date until the Cases are closed.

17. **Existing Interests.** Pursuant to the Plan and the Settlement Agreement, all Interests and stock in Avia USA shall be canceled, extinguished and terminated effective upon the Effective Date and that all of the existing stock of Avia USA held by any non-Debtor party is hereby canceled. Avia USA shall ratify a prior alleged transfer of its interest in Avia Mexico to Navarro, and Musselman shall transfer his one percent interest in Avia Mexico to Navarro or his designee. On the Effective Date, Avia USA is authorized and directed to issue new stock to Musselman. All approvals and consents of the Equity Interest holders, and officers and directors of the Debtors, as may be necessary to implement and carry out the Plan and the actions authorized by this Confirmation Order be, and they hereby are, deemed made or done.

18. **Notice of Entry of Confirmation Order.** On or before the fifth Business Day after the entry of this Confirmation Order, the Debtors shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c) on all creditors and interest holders, the United States Trustee and other parties in interest by causing such notice to be delivered to such parties by first class mail, postage prepaid.

19. **Notice of Effective Date.** Within five Business Days following the occurrence of the Effective Date, Reorganized Avia USA shall file notice of the occurrence of the Effective Date with the Court and serve a copy of same on (a) all creditors; (b) the United States Trustee, and (c) entities that have requested notice in the Cases under Bankruptcy Rule 2002.

20. **Reference to Plan Provisions.** The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

21. **Inconsistency.** In the event of an inconsistency between the Plan and any agreement, instrument or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreement, instrument or document. In the event of an inconsistency between (a) the Plan and any agreement, instrument or document intended to implement the provisions of the Plan and (b) this Confirmation Order, the provisions of this Confirmation Order shall govern.

22. **Binding Effect.** Pursuant to Bankruptcy Code sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan, all Plan Documents and all Plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

23. **Monthly Operating Reports.** From and after the Confirmation Date, the Debtors and Reorganized Debtors shall be relieved of any further obligation to file monthly operating reports with the Bankruptcy Court.

24. **Continued Jurisdiction.** This Court shall retain jurisdiction over these cases and related matters, proceedings and issues as set forth in the Plan and to the fullest extent allowed by the Bankruptcy Code.

25. **Recordable Order.** This Order is hereby declared to be in recordable form, and shall be accepted by any recording officer for filing and recording purposes without further additional orders, certifications or other supporting documents.

26. **Effect on Governments.** Each and every federal, state, commonwealth, local, foreign or other governmental authority, agency or department is hereby directed to accept any and all documents and instruments necessary, useful or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Order.

# # # END OF ORDER # # #

**SUBMITTED BY:**

Marvin R. Mohney, Esq.
Texas Bar No. 14252500
120 Founders Square
900 Jackson Street
Dallas, Texas  75202
(214) 698-3011
Fax:  (214) 698-9207
Email:  marvinmohney@aol.com

**ATTORNEY FOR THE DEBTORS**